# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GEORGINA JOHNSON, Individually
and as Mother and Next Friend of
WILLIAM JOHNSON, VIDA GUZMAN and
MIGUEL RUVALCABA, and
ADDISON PEYNETSA,

       Plaintiffs,

v.                                                   Civil No. 01-881 WJ/DJS (ACE)

UNITED STATES OF AMERICA,

       Defendant.

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Pursuant to Fed.R.Civ. P. 12(b)(1) and (6), filed October 1, 2001 **(Doc. 6)**. Having considered the parties' briefs and the applicable law, I find that Defendant's motion is not well-taken and will be denied.

### Background

Plaintiffs are two employees of TPL, a New Mexico corporation that contracted with the Government in 1996 to demilitarize outdated and obsolete munitions.[1] They sustained severe bodily injuries in the course of their work when a Howitzer shell that they were drilling exploded. The substance of their claims is that various acts of the United States allegedly caused the explosion, to wit: inadvertently leaving an explosive charge in the shell and erroneously describing

---

[1] The named Plaintiffs are the two TPL employees Georgina Johnson and Addison Peynetsa, as well as Ms. Johnson's children: William Johnson, Vida Guzman and Migual Ruvalcaba. For purposes of this opinion, "Plaintiffs" refers to Ms. Johnson and Ms. Peynetsa.

the shell as "inert"; failing to furnish proper documentation concerning the true contents of the shell; failing to properly award the contract; and failing to adequately supervise the demilitarization.

Defendants base their request for dismissal on four grounds: (1) to the extent that the Plaintiffs rely on the Military Claims Act Act,10 U.S.C. §§ 2731-2737, their claim is barred because that statute does not authorize suits for money damages against the United States; (2) Plaintiffs' tort claims, which are grounded upon theories of strict liability, should be dismissed because such claims are not viable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671 *et seq.*; (3) the misrepresentation exception to the FTCA bars Plaintiffs' claims for mislabeling the shell and for failing to provide documentation; and (4) Plaintiffs' claims fail as a matter of law because the United States owed no actionable duty to Plaintiffs under New Mexico law.

## Discussion

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Shoultz v. Monfort of Colorado, Inc.*, 754 F.2d 318, 321 (10th Cir. 1985).

*Claim under Military Claims Act*

Since Plaintiff concedes Defendant's position that the Military Claims Act Act does not support Plaintiff's tort claims, I need not address the issue. See LaBush v. United States Dep't of the Army, 668 F.2d 1153, 1155-56 (discretionary nature of the settlement of claims under the Military Claims Act bars judicial review of claims brought under that statute); Collins v. United

States, 67 F.3d 284, 286 (Fed.Cir. 1995).

*Tort Claims - Strict Liability*

The remaining jurisdictional basis for Plaintiffs' tort claims is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671 *et seq*. Defendant contends that these claims, which are grounded upon theories of strict liability, should be dismissed because such claims are not viable under the FTCA. Plaintiffs do not dispute that strict liability claims would be barred, but rather argue that their claims are cognizable under the Act because they have pled negligence, not strict liability.

The United States, as sovereign, is immune from suit unless it has consented to be sued. *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979); *McIntosh v. Turner*, 861 F.2d 524, 526 (8th Cir. 1988). The FTCA waives sovereign immunity, subject to certain exceptions, to permit recovery against the United States government for injuries caused by a federal employee acting within the scope of his or her employment. See 28 U.S.C. § 2679(b)(1). It is clear that the Act does not authorize suits against the United States based on theory of strict or absolute liability for ultrahazardous activity.

The same set of facts can support theories of negligence and strict liability, and plaintiffs are allowed to plead both in the alternative. *See, e.g., Florom v. Elliott Mfg., et al.*, 879 F.2d 801 (10th Cir. 1989); *Wilson et al. v. Crouse-Hinds Co.,* 556 F.2d 870 (8th Cir. 1977); *Acosta v. Honda Motor Co., Inc., et al.* 717 F.2d 828 (3rd Cir. 1983); *see also Saiz v. Belen Sch. Dist.*, 113 N.M. 387, 393 (1992) (proof of liability or even negligence of the independent contractor is not an essential element of employer's liability in strict liability claim). Plaintiffs in this case have selected to proceed on a theory of negligence by the Government, based on the failure to remove

3

or failing to supervise the removal of, the explosive content of the offensive shell.

Defendant points to no case law which states that the existence of hazardous material on the worksite in itself precludes a plaintiff from alleging garden-variety negligence claims. *Cmp., W.C. & A.N. Miller Companies v. U.S.*, 963 F.Supp. 1231 (D.DC. 1997). Other cases relied on by Defendant do not offer much guidance. For example, in *Gober v. United States*, 778 F.2d 1552, 1555-57 (11th Cir. 1986), the Government's only role was lessor of the offending forging press that caused the injury; and in *Watson v. Alexander*, 532 F.Supp. 1004 (E.D. Tex. 1982), the plaintiff injured her finger while operating an ammunition conveyer in a plant that operated under contract with the Government, whose only role was the approval of the design of the machine and the institution of a safety program for the employees. Those cases are easily characterized under a strict liability category. Plaintiffs in this case seek to impose liability on the Government based on *its own* conduct in carrying out the removal of the explosives from the shells, prior to supplying these shells to TPL for demilitarization.

Defendant also clings to the view that Plaintiffs' claims, although expressly stated within a negligence construct, are products liability or defective products claims, which are also not allowed under the FTCA. *See United States v. Page*, 350 F.2d 28, 32-33 (10th Cir. 1965), *cert. denied*, 382 U.S. 979 (1966). While the Howitzer shells may be deemed "products," a fair reading of the complaint does not lend itself to including allegations of liability based on a products liability theory. Inasmuch as the complaint clearly enunciates facts which form the basis for claims grounded in negligence, *Compl., ¶ 26, ¶ 27, & ¶ 28*, those claims survive Defendant's motion to dismiss.

***Duty***

Defendant's corollary argument is that Plaintiffs' claims fail as a matter of law because the United States owed no actionable duty to Plaintiffs under New Mexico law. Independent contractors are not "employees of the government" for the purposes of the Federal Tort Claims Act. *28 U.S.C. §2671; Gober v. U.S., et al.*, 778 F.2d 1552, 1553 (11th Cir. 1986). Also, the general rule of law in New Mexico is that an employer of an independent contractor (in this case, the Government) is not liable to employees of an independent contractor (the Plaintiffs). *SeeParsons v. Amerada Hess Corp. Co et al*. 422 F.2d 610 (10th Cir. 1970).

At this early stage in the litigation, I must take the complaint at face value, construing factual allegations in a light most favorable to the Plaintiffs and resolving all reasonable inference in their favor. *See Seamons v. Snow*, 84 F.3d 1226, 1231-1232 (10th Cir. 1996) (court must construe factual allegations in the complaint in a light most favorable to the plaintiff, and resolve all reasonable inferences in plaintiff's favor). The complaint alleges, *inter alia*, that the "United States was negligent in failing to remove (or supervising the removal of) [all of the explosives] from the shell." *Compl., XXVI*.

Again, the insurmountable problem for Defendant is that Plaintiffs are not basing their claims on a strict liability theory, but rather on the Government's own alleged negligence in removing explosives from the Howitzer shells. *See, e.g.*, *W.C.& A.N. Miller Companies,* 963 F.Supp.at 1237 (D.D.C. 1997) (claim against Army for negligently burying munitions was not barred by independent contractor provision because plaintiff's complaint did not challenge the actions of the independent contractor).[2] In alleging that the Government had direct participation

---

[2] In this regard, Defendant relies on case law which is at odds with the theory of liability alleged in the complaint *See, e.g., New Mexico Elec. Serv. v. Montanez*, 89 N.M. 278 (N.M. 1976) and *Parsons v. Amerada Hess Corp*., 422 F.2d 610 (10th Cir. 1970).

5

in the preparation of the shells for demilitarization, the complaint sufficiently brings the Government's conduct within one of the exceptions to the general rule which normally shields an employer of an independent contractor from liability. *See Parsons*, 422 F.2d at 613 (noting that liability in DeArman was founded squarely on the element of control and supervision of the use of the chattel); *Berkman v. U.S.*, 957 F.2d 108 (4th Cir. 1992) (interpreting Virginia law and holding that independent-contractor exception precluded governmental liability even though similar property owners might be liable under state law for injuries resulting from unsafe conditions, but recognizing that independent contractor's responsibility could not relieve Government from liability if federal employees may have caused or contributed to the alleged tort) (citing §§28 U.S.C.A. 1346(b), 2671-2680).

*Claims of Misrepresentation*

Defendant contends that the misrepresentation exception to the FTCA bars Plaintiffs' claims for mislabeling and erroneously describing the shell as inert when the shell was painted blue and placed in a container marked "inert." The Act excludes liability based on misrepresentation. 28 USCA 2680; *Guild v. United States*, 685 F.2d 324, 325 (9th Cir. 1982). Plaintiffs specify in the complaint that TPL relied on the Government's representation, *Compl.* ¶ VII, but also state that the Government was "further negligent in representing that the shell was inert,"*Compl.,* ¶ XXVI.. Thus, at first glance, it seems as though Plaintiffs have stated a cause of action based on misrepresentation. However, the inquiry does not end there, since the real cause of the complaint may lie beyond the bare language of the allegations. *See, e.g., U.S. v. Neustadt*, 366 U.S. 696, 705-06 (1961) (claim that alleges "negligence" actually states a tort of "negligent misrepresentation" when the loss suffered by the injured party is caused by the breach of a specific

6

duty owed by the Government to him, i.e., the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs. . . ."; *Hall v. U.S.*, 274 F.2d 69, 70 (10th Cir. 1959).

The answer lies in the distinction between whether Plaintiffs' claims are premised on a failure to communicate information (or Governmental misinformation) or negligence by the Government in the performance of operational tasks that may collaterally involve misrepresentation. The distinction is critical, since the latter type of claim would be barred under the misrepresentation exception, but the former would be characterized as essentially negligence actions. *See e.g.*, *Neal v. Bergland*, 646 F.2d 1178 (6th Cir. 1981) (claim not barred by misrepresentation exception where Government negligently inspected and supervised the construction of the plaintiff's house, since claim was for the failure of the Government to use due care in performing an operational task); *Ware v. United States*, 626 F.2d 1278 (5th Cir. 1980) (claim not barred where plaintiff had not taken any action based on Government's misrepresentations, but rather Government agents had proceeded on a misdiagnosis of cattle as tubercular and destroyed cattle); *cmp.*, *United States v. Neustadt*, 366 U.S. 696, 706-07(1961)(where Government negligently prepared FHA appraisal in paying a certain price for a house and appraisal had been prepared negligently by the Government, claim was nevertheless barred where plaintiff relied on the misinformation provided by the Government); *Green v. United States*, 629 F.2d 581, 585 (9th Cir. 1980) (and cases cited therein) (claim based on misrepresentation action when cattle became sick because government failed adequately to warn farmers of full consequences of DDT spray program).

The essential factor in misrepresentation cases is a plaintiff's reliance on misinformation to

his detriment.  *Guild v. United States*, 685 F.2d 324, 325 (9th cir. 1983) (relying on *Neustadt*, 366 U.S. 696 (1961)).  In the present case, I find that the complaint sufficiently alleges the Government's involvement as a negligent performance of an operational task, i.e., the removal of explosives from the Howitzer shells, *Compl*., ¶ XXVI and that allegations pertaining to misrepresentation are collateral to this claim.  Defendant's motion will be denied on this basis.

In conclusion, I find that Plaintiffs' allegations in the complaint survive the minimum threshold in pleading requirements and that Defendant's motion to dismiss is denied on all the grounds raised, except that Plaintiffs concede that any claims brought under the Military Claims Act,10 U.S.C. §§ 2731-2737, are barred.

**THEREFORE**,

**IT IS ORDERED** that Defendant's Motion to Dismiss Pursuant to Fed.R.Civ. P. 12(b)(1) and (6) **(Doc. 6)** is hereby DENIED for the reasons stated herein.

_____
UNITED STATES DISTRICT JUDGE