IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GEORGENEA JOHNSON, Individually**
**And As Mother and Next Friend of**
**WILLIAM JOHNSON, VIDA GUZMAN and**
**MIGUEL RUVALCABA, and**
**ADDISON PEYNETSA,**

       Plaintiff,

vs.                                                Civ. No. 01-881 WJ/ACT

**UNITED STATES OF AMERICA,**

       Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

     **THIS MATTER** comes before the Court upon a Stipulated Motion for Approval of Settlement for Minors filed July 29, 2003. Docket No. 54.

     1.     This is personal injury action and it arises under the Federal Tort Claims Act, 28 U.S.C. §§2671, et seq. Plaintiff Georgenea Johnson ("Johnson") is the mother of the three children, William Johnson, Vida Guzman and Miguel Ruvalcaba. The Guardian Ad Litem, Timothy Flynn-O'Brien, Esq. filed a report on August 26, 2003. Docket No. 61.

     2.     The parties have entered into a settlement agreement pursuant to 28 U.S.C. §2677.

Pursuant to the agreement the parties have agreed to settle the individual claims and the claims Johnson has brought on behalf of her children in this action for $1,300,000. The settlement agreement provides, in part, that each child will receive $25,000. The parties have also agreed that the settlement for the children shall be managed as follows:

    a.    Johnson will establish an account for each child under the Uniform Transfers to Minors Act, NMSA §46-7-11 et seq., funded in the amounts stated above.

    b.    Johnson may serve as custodian of the accounts, but will at all times use the services of a professional financial advisor.

    c.    Disbursement of the proceeds of the children's settlements from Plaintiff's attorney's trust account shall be forwarded directly to the financial advisor.

    d.    No custodian fees will be charged against the accounts, other than reasonable fees charged by the financial advisor.

    e.    Before the 18th birthday of each child, no withdrawals may be made from any of these accounts without a court order.

    f.    Between the 18th birthday and the 21st birthday of each child Johnson may withdraw funds from a child's account but it must be used for the benefit of that child.

    g.    At the age of twenty one (21), Johnson will cease to be the custodian and each child will have control over his or her account

3.    Pursuant to 28 U.S.C. §2678, Plaintiff's attorney will not collect for services rendered in excess of 25 percent of the settlement.

4.    The Guardian Ad Litem's fees will not come out of that portion of the settlement

allocated to the children.

  5. Johnson received the advice and counsel of competent attorneys and was satisfied with the legal services provided to her and his children. Johnson understands she is under no obligation to settle the case and could elect to proceed to trial if she so chose. She has been advised and understands that a trial might have resulted in a greater award of damages, a lesser award, or perhaps, no award at all.

  6. Johnson had ample opportunity to confer with counsel concerning this settlement. Johnson stated that she believed the settlement was fair and reasonable and that it was not the product of force, duress, coercion or undue influence.

  7. The parties were advised of their right to file objections to the Court's proposed findings and recommended disposition pursuant to 28 U.S.C. §636(b)(1), and all parties waived the right to object.

  8. After consideration of the evidence and the presentations of counsel, the Court concludes that it has jurisdiction over the parties and subject matter and that the settlement is in the best interests of the minor children.

## RECOMMENDED DISPOSITION

  I recommend that the Court enter an order approving the parties' settlement without further hearing.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**